UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL SLOCUM,      Case No. 1:18-cv-423
    Plaintiff,     Barrett, J.
    Litkovitz, M.J.

vs.

SGT. S. BEAR, et al.,     **ORDER AND REPORT**
    Defendants.     **AND RECOMMENDATION**

## I. Procedural history

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights by defendants Sgt. S. Bear, C/O Crabtree, C/O Cooper, and C/O Lewis in connection with an alleged assault by the officers on October 27, 2017. Plaintiff was granted leave to proceed *in forma pauperis* and the original complaint was filed on June 19, 2018. (Docs. 2, 3). Service of process was ordered on defendants on June 19, 2018. (Doc. 5). Summonses were returned unexecuted for defendants "CO Crabtree," "CO Cooper," and "CO Lewis" with a letter from the SOCF Staff Legal Office explaining that the envelopes addressed to these individuals were being returned because SOCF employed multiple persons with the names Crabtree, Cooper and Lewis and the intended recipients were unknown. (Doc. 7). The Court notified plaintiff that it proposed to dismiss this action without prejudice as to these defendants and that plaintiff must either serve a summons and a copy of the complaint on these defendants within 30 days or show cause why service could not be effected within this time period. (Doc. 10). Plaintiff was advised that failure to comply with the terms of the Court's Order would result in a Report and

Recommendation to the District Judge that the claims against these individuals be dismissed for lack of service. (*Id.*).

Plaintiff filed a response to the Order to show cause on October 18, 2018, seeking an extension of time to complete service. (Doc. 17). Plaintiff asserts that he took several steps to obtain the first names or initials for Crabtree, Cooper and Lewis. Plaintiff states he sent written requests to the Deputy Warden of Operations, the Deputy Warden of Administration, and the Inspector's Office and the Institutional Investigator, both of which allegedly have access to the institution's CT-TV systems and could identify each correction officer present on the date of the incident, all to no avail. Plaintiff also alleges that he requested help from the assigned case manager, who has not cooperated with him. Plaintiff subsequently filed a motion on January 22, 2019, asking the Court to extend the January 25, 2019 deadline for serving defendants Crabtree, Cooper and Lewis until he amended his complaint and discovery began. (Doc. 24). Plaintiff filed a motion to amend the complaint several days later. (Doc. 26).

The record shows that summons was returned executed for defendant Sgt. Bear on July 23, 2018. (Doc. 8). The certificate of service was signed by an individual other than Sgt. Bear. On September 12, 2018, the Court issued an Order directing plaintiff to move to have default entered against defendant Bear or to show cause why this action should not be dismissed for lack of prosecution. (Doc. 11). Plaintiff was advised that failure to comply with the Order would result in a Report and Recommendation to the District Judge that the action should be dismissed as to defendant Bear.

On September 24, 2018, counsel for the State of Ohio made an appearance in this matter as an interested party on behalf of defendant Bear. (Doc. 12). The State moved to dismiss this

2

action as it relates to defendant Shannon Bear pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, or for alternative relief. The State asserts that although the docket reflects that service was executed on July 23, 2018, that is not accurate because defendant Bear took leave from SOCF beginning on July 18, 2018, due to an occupational injury and had not returned to work as of July 23. (Doc. 13 at 6-7). The State contends that service was not properly made on Bear under any of the provisions of Fed. R. Civ. P. 4(e). In the alternative, the State seeks to amend the docket to reflect that service has not been executed on Bear. The State also argues that no relief can to granted to plaintiff unless "a reply has been filed" pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(g).[1]

In response to the State's motion on behalf of defendant Bear, plaintiff argues that defendant Bear was properly served prior to taking medical leave. (Doc. 28). Plaintiff asks the Court to amend the docket sheet to reflect service of process on Bear and to order defendant Bear to reply to the complaint. (Doc. 30).

Plaintiff also moves the Court to order that service be made on all defendants at the address of the Department of Rehabilitation and Correction. (Doc. 29). Plaintiff alleges that it is impossible for him to serve defendants because SOCF "has established a practice of not accepting certified mail addressed to correctional staff." (*Id*. at 1).

## II. Service on defendants

Rule 12(b)(5) provides that insufficient service of process is a "defense to a claim for

---

[1] Section 1997e(g)(1) provides: "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

3

relief in any pleading" that may be asserted by motion. Fed. R. Civ. P. 12(b)(5). Proper service of process is required in order for this Court to obtain personal jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). The plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Fed. R. Civ. P. 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Thus, if the plaintiff does not show good cause justifying his failure to timely serve the complaint, the court shall either (1) dismiss the complaint without prejudice, or (2) direct that service of process be effected within a specified time. *Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014). If the plaintiff shows good cause for failing to comply with the 90-day requirement, the Court shall extend the time for service. *Id*.

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff has taken reasonable steps to learn the identities of the corrections officers named as defendants in the complaint. (Doc. 17). Despite his efforts, he has not been able to

4

learn their identities. Under these circumstances, dismissal of the unidentified defendants is not proper, but rather plaintiff should be given the opportunity to do limited discovery in order to identify the names of these defendants. *Murray v. Ohio Dept. of Corrections*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014). As explained by the Court:

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished), 1985 WL 13614, citing *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980). *In accord Downie v. City of Middleburg Hts.,* 76 F. Supp.2d 794, 801 n. 5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

*Murray*, 2014 WL 1382401, at *4 (quoting *Robinson v. Doe,* No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009)). Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify the unknown defendants through discovery. *Id.* (citing *Mosby v. Doe,* No. 08-cv-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009)). The SOCF Warden is in a position to know or determine the identities of the corrections officers for whom plaintiff has provided only a surname. The Court shall order service of the summons and complaint on the SOCF Warden for this limited purpose only. Once the Warden is served and has filed a response to plaintiff's complaint, plaintiff shall be permitted to serve discovery on the Warden to determine the first names of defendants Crabtree, Cooper and Lewis. Upon discovery of the full names of the

5

unidentified defendants, plaintiff will be required to amend his complaint to identify them and the SOCF Warden will be dismissed.

It appears that Sgt. Bear has not yet been served, although a certificate of service for defendant Bear was returned signed and the docket sheet reflects that service was executed on defendant Bear on July 23, 2018. (Doc. 8). It is not clear whether Sgt. Bear has returned to work at SOCF and whether plaintiff can now execute service on defendant Bear at SOCF. Therefore, the Court will direct the State to provide information to the Court on defendant Bear's work status so that a determination can be made as to whether he should be re-served. The Court will extend the time for plaintiff to perfect service on defendant Bear for good cause shown.

### III. Motion for leave to amend the complaint

Plaintiff filed a motion to amend the complaint on January 31, 2019 and a proposed amended complaint.[2] (Doc. 26; *see* Doc. 27). Rule 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). If plaintiff wishes to amend the complaint after the 21-day period has expired, he must obtain consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to

---

[2] Although plaintiff captioned the motion as a motion to amend and supplement the complaint, plaintiff does not set out events that happened after the date of the original complaint in the proposed amendment. (Docs. 26, 27). The motion is therefore properly construed as a motion to amend the complaint. *See* Fed. R. Civ. P. 15.

6

the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A.

Plaintiff requests leave to identify defendants C/O Crabtree, C/O Cooper and C/O Lewis as defendants John Does #1-#3 in the amended complaint. (Doc. 26). Plaintiff alleges these defendants have not yet been served with the summons and the complaint, and he will not be able to serve them until discovery has been scheduled by the Court. (Doc. 26). Plaintiff also proposes to add claims against four new defendants: SOCF Warden Ron Erdos, C/O John Doe # 4, C/O Bashum, and RN James. Plaintiff seeks to add claims against C/O Bashum, C/O John Doe #4, and RN James for deliberate indifference to his medical needs in connection with the alleged assault by the other defendants. Plaintiff alleges that Erdos is liable because he was acting as the SOCF warden, he is in charge of and oversees the training of the C/Os at SOCF, and he failed to train the defendant SOCF staff members on October 27, 2017. Finally, plaintiff moves to amend the complaint to specify that he is suing defendants in their individual and official capacities; to number the paragraphs in his complaint; and to amend his request for relief.

Plaintiff's motion to amend the complaint should be denied insofar as plaintiff moves for leave to name the three corrections officers involved in the alleged assault as John Doe defendants. Plaintiff has already provided the surnames of these corrections officers. The proper procedure for discovering the identities of these defendants is set forth above.

The motion to amend should also be denied insofar as plaintiff seeks to add new claims for deliberate indifference to his medical needs against three new defendants. In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts

7

or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Comstock v. McCraty*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff must allege facts showing that the "alleged mistreatment was objectively serious," and that prison officials "subjectively ignored the risk to the inmate's safety." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)). Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle,* 429 U.S. at 106. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle,* 429 U.S. at 106; *Byrd,* 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

In this case, plaintiff alleges that defendants C/O Bashum, C/O John Doe #4, and RN James were deliberately indifferent to his medical needs following the alleged assault by defendants Bear, Crabtree, Cooper and Lewis. Plaintiff alleges that he immediately told Bashum that he had been assaulted by the officers, he needed medical attention, and Bashum told him to go back to his block. (Doc. 26, p. 4). Plaintiff asserts when he went back to J2North and entered the "bullpen," he asked C/O John Doe #4 in the control booth to call "medical" for him but Crabtree and Cooper began laughing and escorted him to his cell. Plaintiff alleges that when he

8

was escorted to the SOCF infirmary later that day, he told RN James that he had been assaulted and his forehead, right eye, elbow, ribs and side were hurting. (*Id*., p. 5). He alleges that defendant James "never checked me out. She checked my vitals and gave me ibuprofen, that's it." (*Id*.). Plaintiff asserts that he woke up the next day with a bruised right eye, forehead and body. (*Id*., p. 5). He contends that when he was seen in sick call two days later, another nurse referred him to a doctor who "verified" plaintiff's wounds and "story" and prescribed him Tylenol. (*Id*., p. 6).

Plaintiff's complaint fails to state a deliberate indifference claim under the Eighth Amendment against defendants Busham, John Doe #4, and RN James. Plaintiff alleges he woke up the day after the assault with his right eye, forehead, and body bruised, but plaintiff does not allege any facts that indicate he had an obvious injury or medical need immediately after the alleged assault. (*Id*., p. 5). Plaintiff alleges only that he told C/O Busham that he needed medical attention because he had been assaulted. (*Id*.). Nor has plaintiff alleged any facts to suggest that either C/O Busham or John Doe #4 subjectively ignored a risk to his health or safety. Plaintiff alleges that he told RN James when he saw her later that morning in the infirmary that he was in pain, but he has alleged no facts to indicate that the treatment RN James administered was inadequate, or what treatment he thinks he should have received. Plaintiff's alleged disagreement over the type of medical care RN James administered amounts to nothing more than a difference of opinion on the appropriateness of his medical treatment, which is not actionable under the Eighth Amendment. *Rhinehart*, 509 F. App'x at 513-14 (citing *Westlake*, 537 F.2d at 860 n.5). Where a "prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'"

9

*Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860 n. 5). In such cases, the medical treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a constitutional claim under § 1983. *Id*. The facts alleged by plaintiff are insufficient to state a claim for deliberate indifference to a serious medical need under the Eighth Amendment.

Plaintiff's motion to amend should also be denied insofar as he seeks to bring a claim against Warden Erdos in his supervisory capacity. To state a claim for supervisor liability against defendant Erdos, plaintiff must allege that Erdos "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). *See also McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). Plaintiff has not alleged any facts to show that Erdos authorized or acquiesced in the unconstitutional conduct of another defendant so as to support a claim of supervisory liability.

In addition, plaintiff's request to amend the complaint to add a claim for injunctive relief should be denied. Plaintiff requests a permanent injunction requiring "[a]ll SOCF employees working as security personnel to be armed with video/audio capabilities . . . so that this type of excessive force does not happen to other inmates, as well as to protect SOCF employees." (Doc. 26 at 10). The PLRA prohibits an injunction of this nature which is more extensive than necessary to correct the violation of the federal right of the plaintiff in the case before the court. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular

10

plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Thus, plaintiff is not entitled to the additional injunctive relief he proposes.

Finally, plaintiff has clarified that he is suing the defendants in both their individual and official capacities. However, because plaintiff did not specify in the original complaint that he was suing the individual defendants in their individual capacity only, it is not necessary that the complaint be amended to reflect this clarification.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to strike (Doc. 25) his original motion to amend the complaint (Doc. 21) and motion to compel (Doc. 22) is **GRANTED**. The original motion to amend (Doc. 21) and motion to compel (Doc. 22) are **STRICKEN** from the docket.

2. The claims against the individual defendants in the original complaint shall be construed as claims against them in their individual and official capacities.

3. The State of Ohio's motion to dismiss the complaint filed on behalf of defendant Bear (Doc. 13) is **DENIED** without prejudice to resubmission. Counsel for the State of Ohio shall file a notice, within **ten (10) days** of the date of this Order, stating whether Sgt. Bear has returned to work at SOCF and is amenable to service there. Plaintiff shall have **sixty (60) days** from the filing date of this Order to effectuate service on defendant Sgt. S. Bear.

4. Plaintiff's motion to amend the docket sheet to reflect service of process on Bear and to order defendant Bear to reply to the complaint (Doc. 30) is **DENIED**.

5. Plaintiff's motion for an Order directing that service be made on defendants at the address of the Director of the Department of Rehabilitation and Corrections (Doc. 29) is **DENIED**.

6.     The United States Marshal shall serve a copy of the complaint, summons, and this Order upon the SOCF Warden as directed by plaintiff.  All costs of service shall be advanced by the United States.  Plaintiff shall be granted leave to proceed against the SOCF Warden solely for the purpose of determining the identities of the unidentified SOCF corrections officers named as defendants in this lawsuit.

### IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's motion to amend the complaint (Doc. 26) be **DENIED.**


Date:  5/3/19                                          *s/Karen L. Litkovitz*
                                                               Karen L. Litkovitz
                                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL SLOCUM,  Case No. 1:18-cv-423
    Plaintiff,  Barrett, J.
  Litkovitz, M.J.

vs.

SGT. S. BEAR, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

13